VERMONT COPPER MINING COMPANY *v.* HENRY BARNARD.

[IN CHANCERY.]

*Costs. Practice. Chancery.*

Remarks upon the practice and habits of the bar, in the aggregate, in the matter of taking testimony in Chancery. The needless diffuseness and prolixity—sometimes impertinence and scandal, that characterize the proceedings, condemned.

In this case the bill was dismissed with costs to the defendant, except costs of testimony taken before the master, for which the defendant was not allowed to tax costs against the orator on account of the improprieties in the testimony.

The opinion of the court was delivered by

BARRETT J.   The controverted questions in this case arose mainly upon the evidence as to matters of fact alleged in the bill of complaint as the ground of relief prayed for.   The points of law made and discussed would not be difficult of solution in favor of the orator if the propositions of fact to which they are applicable were established.   After a very patient and careful hearing at the trial, and such consideration as the character and importance of the case seemed to require, the court do not feel warranted in finding, upon the evidence, the material averments of fact in the bill to be established. It could serve no beneficial purpose to consume time and bestow labor in discussing the evidence, and developing the processes and views which have brought the court to this result.   Failing to find the requisite facts established, we find no occasion for discussing the matters of law.

There is a subject, however, of very noticeable character in the case as it is brought before the court, which we do not feel at liberty to pass without remark.   A volume of almost five hundred pages, compactly printed, of the testimony of witnesses, is produced and read in the hearing.   The decree of the court of chancery was made without hearing, *pro forma*.   So no opportunity occurred for judicial action, order, or criticism upon the subject of that testimony, in any of its features, until the hearing in the supreme court.   It has long been noticed by the judges of this court, and made the subject of remark, that the practice and habit is growing upon the bar in the aggregate —not upon *all* its members—of disregarding the old ideas, rules and usages, as well as the taste and style of conducting practice in chancery, and especially in taking the testimony of witnesses.   A most needless diffuseness and prolixity, sometimes impertinence and scandal, characterize the proceeding; alike improper as matter of professional practice, and disrespectful and annoying to the court,— serving no beneficial purpose to the interests of either party,—on the contrary, incumbering the case detrimentally, enhancing expense, consuming time, and wearying the minds, and taxing the patience of those whose duty it is to consider cases upon their legitimate elements, and to decide them upon their substantial merits.

Mining Company v. Barnard.

It has been not unfrequently the subject of consideration, whether it does not behoove the interests of judicial administration in the court of chancery to adopt some rigorous rules, which, in their application, as cases giving occasion should require, would have a tendency to correct this particular evil; perhaps subjecting the evidence to a reference for immateriality, impertinence or scandal to a master, and on his report, or the judgment of the chancellor on the hearing, have the useless or offensive portion stricken out, and solicitors at fault subjected to the expense. Nothing of this kind, however, has yet been resolved upon, in the hope that, in the main, the obvious proprieties of the subject and occasion would be effectual in their influence to relieve the practice in chancery from this unfortunate feature. The evil, to our regret, seems to have culminated in the case in hand, and is so offensively prominent, that to let it pass without an appreciable visitation, would seem like giving countenance, if not commendation to it, on the part of the court.

A very considerable part of the matter that fills the volume of the testimony in this case, is wholly immaterial either as bearing on the main issues, or as bearing on the credit and weight of other evidence ; a considerable part is impertinent for any legitimate purpose ; and not a little of it is offensively scandalous,—insulting, without provocation, to party and witnesses, and taken in disregard of the most obvious proprieties due towards the court, and alone creditable to the practitioner. The court unanimously and unhesitatingly regard it a duty to take the occasion of this case, to indicate its views in general on this subject, and to impress them to a moderate extent by an order that may serve as a salutary premonition against this mode of practising in chancery.

The mandate will direct a decree dismissing the bill with costs to the defendant, except costs of testimony taken before the master ; for those costs the defendant is to tax nothing against the orator.

*R. Farnham*, for the orator.

*R. McK. Ormsby*, for the defendant.